1  Michael B. Eisenberg, Esq. (State Bar No. 178308)
   Joseph S. Socher, Esq. (State Bar No. 241344)
2  EISENBERG & ASSOCIATES
   3580 Wilshire Blvd., Suite 1260
3  Los Angeles, California 90010
   (213) 201-9331 - Telephone
4  (213) 382 4083 - Facsimile

5  Attorneys for Plaintiffs,
   STEPHANIE MUNOZ AND
6  LORENA LOPEZ

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  STEPHANIE MUNOZ AND          )  CASE NO. 5:15-CV-00902- GW(DTBx)
    LORENA LOPEZ                 )  *Hon. George H. Wu*
12                               )
                    Plaintiffs,  )  PLAINTIFFS' OPPOSITION TO
13                               )  DEFENDANTS' MOTION TO
           vs.                   )  DISMISS; DECLARATION OF
14                               )  JOSEPH S. SOCHER
    LABORATORY CORPORATION       )
15  OFAMERICA, a corporation;    )
    CHRISTY FLANNARY; and DOES   )  Date:        June 22, 2015
16  1 through 100, inclusive,    )  Time:        8:30 a.m.
                                 )  Courtroom:   10
17                               )
                    Defendants.  )
18                               )
                                 )
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    Introduction                                                              1

    A.    Factual Background                                              1

    B.    Defendants Failed to Meet and Confer as Required by Local Rules   2

    C.    Defendants Mischaracterize the Procedural History              3

    D.    The Court Lacks Subject Matter Jurisdiction in This Case       4

    E.    Defendants Cannot Prove Sham Pleading Because Plaintiff Can
        State a Claim Against Defendant Flanary                       4

II.   The Second Amended Complaint States a Claim for Defamation Against
    Defendants LabCorp and Flanary                                     6

    A.    Plaintiffs Have Pled Malice Which Defeats Any Claimed
        Managerial Privilege                                          8

    B.    Plaintiff Has Pled Facts Supporting Publication               11

III.  Plaintiffs Have Alleged That They Were Retaliated Against Because
    They Refused to Engage in an Illegal Activity                      12

IV.   Plaintiffs Have Adequately Pled Their Wage and Hour Claims          14

V.    Failure to Maintain Records, Waiting Time and Unfair Competition
    Claims Derive From the Above Wage and Hour Claims                  17

VI.   Plaintiffs Have Adequately Pled Exhaustion of Administrative Remedies
    Under PAGA                                                         17

VII.  The PAGA Claim is Not a Representative Action                       18

VIII. Plaintiff Has Pled Sufficient Facts to Support the Claim for Punitive Damages   19

    A.    The Retaliation/Whistleblower Causes of Action Support a Claim
        for Punitive Damages                                          19

    B.    The Defamation Cause of Action Supports a Claim for Punitive
        Damages                                                       20

    C.    Plaintiffs Have Pled Ratification and Actions By Managing Agents   21

IX.   If The Court is Inclined to Grant the Motion, Plaintiffs Must Be Allowed
    to Amend the Complaint                                             22

X.    Conclusion                                                         23

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

**Page**

Acho v. Cort 2009 WL 3562472 — 15

Agarwal v. Johnson (1979) 25 Cal.2d 932 — 8, 9, 11, 21

Bank v. Pitt (11th Cir. 1991) 928 F 2d 1108 — 4, 22, 23

Belizan v. Hershon (DC Cir. 2006) 434 F3d 579 — 23

Bindrim v. Mitchell (1979) 92 Cal. App. 61 — 8

Boyer v. Snap-On Tools Corp. (3rd Cir. 1990) 913 F.2d 108 — 5

Burris v. AT & T Wireless, Inc., 2006 WL 2038040, at (N.D.Cal. July 19, 2006) — 6

Cameron v. Wernick (1967) 251 Cal.App.2d 890 — 7

Caterpillar Inc. v. Lewis (1996) 519 U.S. 61 — 4

Chew v. Williams Lea, Inc., 2007 U.S. Dist. LEXIS 64800, (N.D. Cal. 2007) — 9

Deaile v. General Telephone Co. of California (1974) 40 Cal.App.3d 841 — 8

Doheny Park Terrace Homeowners, Inc. v. Truck Ins. Exchange, 132 Cal. App. 4th 1076 — 22

Farr v. Bramblett (1955) 132 Cal.App.2d 36 — 9, 21

Forrester v. Roth's I.G.A (9th Cir. 1981) 646 F. 2d. 413 — 17

Good v. Prudential Insurance Company of America (N.D.Cal.1998) 5 F.Supp.2d 804 — 5, 23

Green v. Amerada Hess Corp. (5th Cir. 1983) 707 F.2d 201 — 5

Hernandez v. Mendoza (1988), 199 Cal. App. 3d 721 — 16

Jernigan v. Ashland Oil Co. (5th Cir. 1993) 989 F.2d 812 — 5

Kelly v. General Telephone Co. (1982) 136 Cal. App. 3d 278 — 8, 9, 10, 21

Lander v. Quality Commc'ns, Inc. (9th Cir. 2014) 771 F.3d 638 — 15, 16

Live Oak Publish'g Co. v. Cohagan (1991) 234 Cal. App. 3d 1277 — 11, 12

Los Angeles Airways, Inc. v. Davis (9th Cir. 1982) 687 F.2d 321 — 11

Lunquist v. Reusser (1994) 7 Cal. 4th 1193 — 8

Macey v. Allstate Prop. & Cas. Ins. Co. (N.D. Cal. 2002) 220 F. Supp. 1116 — 5

Major v. Western Home Ins. Co. (2009) 169 Cal.App.4th 1197 — 20

McCabe v. General Foods (9th Cir.1987) 811 F.2d 1336 — 5

McGarry v. Univ. of San Diego (2007) 154 Cal. App. 4th 97 — 7

Mendoza v. Host Int'l, Inc., 2014 U.S. Dist. LEXIS 13282, (C.D. Cal. 2014) — 9

Noel v. River Hills Wilsons, Inc. (2003) 113 Cal. App. 4th 1363 — 9

Okun v. Sup. Ct. (1981) 29 Cal. 3d 442 — 7

Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009) — 6

Ritchey v. Upjohn Drug Co. (9th Cir.1998) 139 F.3d 1313 — 5

Umamoto v. Insphere Ins. Solutions (2013) 2013 WL 2084475 — 6

Washer v. Bank of America (1943) 21 Cal.2d 822 — 9, 21

**Statutes**

Cal. Civ. Code §§44 - 46                                        6
Cal. Civ. Code §46(3)                                          7
Cal. Civ. Code §47(c)                                          8
Cal. Labor Code §98.6                                         19
Cal. Labor Code §1102.5                            3, 12, 18, 19
Cal. Labor Code §2699                              3, 17, 18, 19
Cal. Labor Code §2699.3                                       19
Cal. Civ. Code §3294                                      20, 21
Cal. Labor Code §6310                                     13, 19
Cal. Labor Code §6311                                     13, 19
Cal. Labor Code §6400                                         13

**Federal Rules of Civil Procedure**

FRCP 12(b)(6)                                              3, 23
FRCP 15(a)                                                 3, 23

**Local Rules**

Local Rule 7-3                                              2, 3

**Other Authority**

CACI Jury Instruction No. 1704                                 6
CACI Jury Instruction No. 1723                                 8
California Code of Regulations, Title 8 §3362                  13
California Code of Regulations, Title 8 §5193                  13

I.     **Introduction**

A.     **Factual Background**

Plaintiff Stephanie Munoz worked for Defendant Laboratory Corporation of America ("LabCorp") as a phlebotomist from November 2010 until September 19, 2014.  Plaintiff Lorena Lopez worked for LabCorp from June 2009 until September 19, 2014, also as a phlebotomist. During the course of their work for Defendant LabCorp, they were denied meal and rest on numerous occasions and LabCorp failed to pay them for overtime hours that they worked.

During the time that Plaintiffs were working at Defendants, there was a **strict** policy in effect that the blood drawing should take no more than *5 minutes* per patient.  If this quota was not met, phlebotomists, including Plaintiffs, would be disciplined.  The reason for this is clear; defendant's revenue comes from insurance billing and they understandably want to capitalize on every working moment and ensure maximum billing per working hour.

On September 9, 2014, a sick patient came into the facility and started defecating on the carpeting, leaving behind a ***trail of human feces.*** The poor lady was even stepping on it and squished it into the carpet as she walked through it.

This horrible scene and overpowering and nauseating odor caused one of the Plaintiffs to uncontrollably start vomiting.  Being that there was no cleaning crew present, and due to the  obvious health hazard of conducting medical procedures in such an unsanitary environment, the Plaintiffs refused to draw blood under these dangerous conditions and began redirecting patients to defendant's other nearby facilities (within a block of the now-contaminated lab) to have their blood drawn.

The Plaintiffs reported and complained about the unsanitary lab and unavailability of a cleaning crew to their off-site supervisor Christy Flannary. Flannary dismissed their concerns and **ordered** them to continue drawing blood at

Opposition to Motion to Dismiss

the contaminated facility despite the obvious health hazard.  It was clear that Flannary, following company policy, was more concerned with  the 5-minute rule than patient and employee safety.

Less than 10 days later, the plaintiffs were both terminated due to their complaints and their refusal to work under the illegally hazardous conditions in the facility that day.  The pretext given at the time of the termination was that they were "unprofessional" - a libelous and defamatory attack on their ability to perform their jobs.  This lawsuit was filed soon thereafter.

The operative pleading in this case is the Second Amended Complaint, which was filed after Defendants' Demurrer and Motion to Strike were granted by the state superior court in part *with leave to amend*.  (*See,* Notice of Ruling, Exhibit D 084 to Notice of Removal; Minute Order, Exhibit D 087 to Notice of Removal.)


**B.     Defendants Failed to Meet and Confer as Required by Local Rules**

Local Rule 7-3 states that prior to filing any motions the moving party must first, "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  Defendants falsely claim that the parties met and conferred prior to Defendants filing this motion.  However, the only "meeting and conferring" that occurred was a letter sent by defense counsel on May 6, 2015.  Exhibit "A."  At that point, the case had not yet been removed, and the letter made **no mention** of a potential removal or federal motion to dismiss.  And for a good reason: they could not file a federal motion at that time because the case was still in state court where such an option was not available.  Plaintiffs' counsel responded to the substance of the letter and offered to discuss the matter further on Monday, May 11, 2015.   Exhibit "B."

Defendants then filed their removal on May 7, 2015 and made no attempt to meet and confer after that.

Furthermore, Defendants did not contact Plaintiff on May 11, 2015 and at no time before filing this motion did they state that they intended to a file a Motion to Dismiss under FRCP 12(b)(6). As such, even if a single letter meets the standards of a meaningful effort to meet and confer over the motion as required by Rule 7-3, the possibility of filing *this* motion in particular was never discussed at all by defendants before this motion was filed.

As such, they did not comply with their duties under Rule 7-3, and the motion should be denied and that basis alone.

### C.   Defendants Mischaracterize the Procedural History

Defendants attempt to describe the operative Second Amended Complaint as a "third attempt" to state valid claims against them.  However, this mischaracterizes the procedural history - there has been only *one* demurrer and *one* motion to strike by Defendants in this case and these were largely ***overruled***. Furthermore, Plaintiffs were ***granted leave to amend*** the defamation claim, the Cal. Labor Code §1102.5 and claim for punitive damages, the only items on which their demurrer/motion to strike was sustained.  (Exhibit D to Notice of Removal, 084, 087.)

The initial complaint in this case was filed on December 3, 2014. Defendants never filed a responsive pleading to that complaint.  A First Amended Complaint was filed on January 8, 2015 to add claims under Cal. Labor Code §2699 ("PAGA").  This First Amended Complaint was the first complaint to which Defendants responded with a demurrer and motion to strike, which were largely overruled, as described above.

Pursuant to the superior court's order on the demurrer and motion to strike,

3.

Plaintiffs filed a Second Amended Complaint on May 1, 2015.  Defendants filed their notice of removal on May 7, 2015 and then filed this Motion to Dismiss on May 14, 2015.  This motion attempts to renew issues that were already litigated in the initial demurrer/motion to strike in this case and have already been ruled on, and denied, by the superior court.  (*See,* Exhibit D to Notice of Removal 083-171.)  To the extent that these issues have already been litigated, therefore, it is improper for Defendants to attempt to re-litigate them in a new forum.

Furthermore, since this is the first time Defendants have attempted to challenge the claims made in Plaintiffs' pleadings under the Federal Rules, and it should be treated by the court as an initial challenge to the pleadings.  If the court is inclined to grant any aspect of the motion, Plaintiffs should therefore be allowed to amend the complaint.  *Bank v. Pitt* (11th Cir. 1991) 928 F 2d 1108, 1112.

### D.      The Court Lacks Subject Matter Jurisdiction in This Case

Defendants' removal asserts jurisdiction based on 28 USC §1332, i.e., diversity jurisdiction.  However, it is well established that in order for the district court to have subject matter jurisdiction based on diversity, there must be complete diversity between the parties.  *Caterpillar Inc. v. Lewis* (1996) 519 U.S. 61, 68.

The individual defendant Christi Flanary, lives and works in California and Defendants present no evidence that Defendant Flanary is not a citizen of California.  Thus, since Defendant Flanary is a California citizen as are both Plaintiffs, complete diversity is lacking in this case and the court therefore lacks subject matter jurisdiction over this case.

### E.      Defendants Cannot Prove Sham Pleading Because Plaintiff Can State a Claim Against Defendant Flanary

Despite the **obvious** lack of subject matter jurisdiction described above,

4.

Defendants have attempted to remove this case on a "sham defendant" theory alleging that the individual, non-diverse defendant (Christy Flanary) is a "sham defendant." (*See,* Notice of Removal, pps. 4-9, pars. 14-26.) However, as described below, since the superior court has already granted leave to amend the claim asserted against Defendant Flanary, there has been a finding that a claim *can be asserted* against her and she has not been dismissed from the case. (*See,* Notice of Ruling, Exhibit D 083 to Notice of Removal; Minute Order, Exhibit D 087 to Notice of Removal.) As described below, the mere "non-fanciful possibility" that a claim can be stated against a non-diverse defendant is enough to mandate remand. *Macey v. Allstate Prop. & Cas. Ins. Co.* (N.D. Cal. 2002) 220 F. Supp. 1116, 1117.

Removal to Federal court is *disfavored* and in cases such as these, the removing defendant has the heavy burden of alleging and proving the nondiverse party's joinder is a "sham" or "fraudulent." *Jernigan v. Ashland Oil Co.* (5th Cir. 1993) 989 F.2d 812, 815-816. The removing party has a "heavy burden of persuasion." *Boyer v. Snap-On Tools Corp.* (3rd Cir. 1990) 913 F.2d 108, 111. "The removing party must prove that there is **absolutely no possibility** that the plaintiff will be able to establish a cause of action against the instate defendant in state court…" *Green v. Amerada Hess Corp.* (5th Cir. 1983) 707 F.2d 201, 205 (Emphasis added). The Ninth Circuit has required the removing party to show that the plaintiff's failure to state a cause of action is obvious according to the settled rules of the state. *McCabe v. General Foods* (9th Cir.1987) 811 F.2d 1336, 1339. Defendants must be able "to show that the individuals joined in the action **cannot be liable on any theory**." *Ritchey v. Upjohn Drug Co.* (9th Cir.1998) 139 F.3d 1313, 1318 (emphasis added). "The defendant must demonstrate that there is **no possibility** that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Insurance Company of*

*America* (N.D.Cal.1998) 5 F.Supp.2d 804, 807 (emphasis added).

In this case, however, the state superior court has already addressed the question of whether a claim can be stated against the individual, non-diverse defendant and found that it was possible for Plaintiffs to amend the complaint to state with regard to the defamation claim. Thus, it has already been found by a competent state court that *a claim can be stated* against the non-diverse individual defendant and there is therefore no fraudulent joinder. Indeed, a number of courts have cited the possibility that the plaintiff would be granted leave to amend to state claims against non-diverse individuals as a basis for remand even if the claims as currently pled might be defective. *Umamoto v. Insphere Ins. Solutions* (2013) 2013 WL 2084475; *Burris v. AT & T Wireless, Inc*., 2006 WL 2038040, at *2 (N.D.Cal. July 19, 2006); *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009).

Based on the foregoing, it is clear that the case must be remanded to the superior court.

## II.  The Second Amended Complaint States a Claim for Defamation Against Defendants LabCorp and Flanary

In order to establish liability for defamation, Plaintiffs must show that the Defendants made unprivileged false and damaging statements about the Plaintiff to persons other than the Plaintiff. See, CACI Jury Instruction No. 1704; Cal. Civ. Code §§44 - 46.

As described above, Defendants Flannary and LabCorp terminated Plaintiffs for allegedly acting "unprofessionally" and made statements to that effect. Par. 95. It is further alleged that such statements were made to third parties with no need to hear or know such information. Pars. 95, 97 and 98. It is well established that "almost any language which, upon its face, has a natural tendency to injure a

6.

person's reputation, either generally, or with respect to his occupation" is defamation per se under Cal. Civ. Code §46(3) and therefore damages are presumed. *Cameron v. Wernick* (1967) 251 Cal.App.2d 890, 893.  Furthermore, "[a] person may be liable for what he insinuates as well as for what he says explicitly." *Id.*

Furthermore, there is no basis for Defendants' claim that the SAC alleges only statements of opinion.  The statement by one's employer that one has acted "unprofessionally" in his or her job, is clearly the type of statement that is intended to be taken as a factual one, and not one of opinion.  By contrast, the primary case on which Defendants rely, *McGarry v. Univ. of San Diego* (2007) involved a statement to the effect that the plaintiff had engaged in "immoral behavior." 154 Cal. App. 4th 97, 116-17.  However, as even the *McGarry* court recognized, "the question is not strictly whether the published statement is fact or opinion, but is instead "whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact." *Id.* at 113 (citations omitted.)  In this case, the statements do not involve any such highly subjective issues as the definition of "immorality" but rather simply whether the Plaintiff performed their work competently for Defendants.  Moreover, given the fact that the statement was made by their supervisor and employers, a reasonable person would certainly conclude that the statements "*imply a knowledge of facts* which lead to the [defamatory] conclusion." *Id.* (emphasis added; citations omitted.)

Defendants further complain that Plaintiffs have not specified the exact words used by them in defaming them.  However, Defendants would obviously have superior knowledge of their exact words and "less particularity is required when it appears that defendants has superior knowledge of the facts." *Okun v. Sup. Ct.* (1981) 29 Cal. 3d 442,458.  In such circumstances all that is required is that the "pleading gives notice of the issues sufficient to enable preparation of a

defense." *Id.*   Furthermore, with regard to claims for slander all that is required is that the "substance of the defamatory statement" be pled.  *Id.*

Finally, it is also well established that even if the statements were published to those within the company, that such "internal publication" also constitutes publication for purposes of defamation.  *Bindrim v. Mitchell* (1979) 92 Cal. App. 61, 79; *Agarwal v. Johnson* (1979) 25 Cal. 3d 932, 944; *Kelly v. General Telephone Co.* (1982) 136 Cal. App. 3d 278, 284.

Accordingly, the above alleged facts are sufficient to support a claim of defamation.  Thus, contrary to the assertions of Defendants, Plaintiff clearly *did* plead what the defamatory statements were (i.e., statements that Plaintiffs were unprofessional and unable to perform their jobs), identified the persons making such statements and pled facts showing that the statements were defamatory per se in that they had a tendency to injure the Plaintiff's professional reputation. This meets the pleading requirements for the cause of action.

## A.   Plaintiffs Have Pled Malice Which Defeats Any Claimed Managerial Privilege

Further, although Defendants raise the issue of privilege, Plaintiffs' allegations herein clearly establish that there would be no applicable privilege protecting such statements.  The only applicable privileges here is the "managerial privilege" and/or the privilege of disclosure to "interested persons."  However, like any assertion of privilege, this is an affirmative defense and the burden of proving it will rest with Defendants.  *See*, CACI 1723; *Lunquist v. Reusser* (1994) 7 Cal. 4th 1193, 1203.  Furthermore, any such privilege would be conditional and therefore defeated by Plaintiffs' showing that the statement were made with malice.  See, Cal. Civ. Code §47(c); *Deaile v. General Telephone Co. of California* (1974) 40 Cal.App.3d 841, 847. Malice is proven where the plaintiff

8.

shows that the statement was made with "hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication." *Noel v. River Hills Wilsons, Inc.* (2003) 113 Cal. App. 4th 1363, 1370 (emphasis added; internal cites omitted); *Washer v. Bank of America* (1943) 21 Cal.2d 822, 831 (pleading that defendants published statement with knowledge of falsity adequately pleads malice to defeat privilege); *Farr v. Bramblett* (1955) 132 Cal.App.2d 36, 46. As described below, Plaintiffs have alleged facts supporting malice on both of the prongs set forth above.

In the employment context, *Kelly v. General Telephone Co.* (1982) held that malice was adequately pled where it was alleged that the statements were made out of hatred and in will in retaliation for the plaintiff's union activity. 136 Cal. App. 3d 278, 285. Similarly, in *Agarwal v. Johnson* (1979), 25 Cal.2d 932, the California supreme court upheld a verdict where evidence supported conclusion that "that the statements of lack of job knowledge and lack of cooperation were maliciously motivated for the purpose of terminating" plaintiff. *Id.* at 944-45. *See also, Chew v. Williams Lea, Inc.*, 2007 U.S. Dist. LEXIS 64800, *7 (N.D. Cal. 2007) ("implied allegation of retaliation because of plaintiff's disability leave further suggests malice"); *Mendoza v. Host Int'l, Inc.*, 2014 U.S. Dist. LEXIS 13282, *8 (C.D. Cal. 2014) ("implicit allegation that [defendants] were acting in retaliation for his workplace injuries and subsequent disability suggests he potentially has facts to support his malice allegation.")

Malice in this case would be proven if Plaintiff shows that the statements were made in the knowledge that they were false and that they were made in order to justify an illegal termination  The Plaintiffs have pled facts that, if proved would establish malice and defeat any claimed privilege. Plaintiffs have pled the following facts supporting malice with regard to the statements made against them:

9.

1.    "these statements in retaliation for Plaintiffs exercising their rights under the Cal. Labor Code and California law as described herein, and Defendants knew that such statements were false." Par. 95.

2.    "the statements may have started at the time prior to their terminations by creating false claims regarding plaintiffs for the improper purpose of giving the appearance that Plaintiffs' wrongful and illegal terminations were justified." Par. 97.

3.    "None of Defendants' defamatory statements and/or publications against Plaintiffs referenced above are true and Defendants' knew of their falsity at the time they were made." Par. 102.

4.    "Each of the false defamatory per se publications set forth above were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiffs deny existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiffs in order to justify the illegal and cruel actions of Defendants in retaliating against them in violation of California law, and each of them, to cause further damage to Plaintiffs's professional and personal reputations, to cause them to be fired, to justify their firing, and to retaliate against Plaintiffs for prior ill will, rivalry, and disputes in retaliation for Plaintiffs' conduct as set forth above." Par. 104.

Thus, similarly to the plaintiff in *Kelly*, Plaintiffs have alleged that the statements were made out of ill will and in retaliation for their exercise of their legal rights. Plaintiffs have also alleged that the Defendants knew that the statements false at the time they were made, which independently establishes the first prong of the test for malice set forth above.

Furthermore, it cannot be reasonably argued, that statements made to provide a false pretext for an illegal termination further the policy goal of the managerial privilege asserted by defendants.  The privilege is to encourage "uninhibited advice by agents to their principals." *Los Angeles Airways, Inc. v. Davis* (9th Cir. 1982) 687 F.2d 321, 328.  Obviously, however, society has no interest in knowingly false statements made solely to justify and bring about illegal terminations in violation of the public policies of the state.  *See, Agarwal v. Johnson* (1979) 25 Cal.2d 932, 944-945.

Plaintiffs have therefore clearly alleged sufficient facts to establish malice such that the qualified privileges would be defeated under California law.  To the extent that more facts are necessary in this regard, the complaint can be amended to include additional facts as well.

## B.    Plaintiff Has Pled Facts Supporting Publication

Defendants also claim that Plaintiffs have failed to allege publication and that any publication that is alleged is "privileged."  However, as described above, there have been sufficient facts pled to support malice such that any privilege would be negated.

Finally, Defendants' reliance on *Live Oak Publ'g Co.* to negate Plaintiffs' allegation of self-publication is misplaced.  That case was described the court as a "man bites dog case" because it involved *a newspaper suing an individual for a story that it published itself.  Live Oak Publish'g Co. v. Cohagan* (1991) 234 Cal. App. 3d 1277, 1281-82.  Obviously under those very unusual circumstances it would be very difficult for the newspaper to prove that it had been *compelled* to publish an allegedly libelous statement by an individual.

However, in the case of an employee who has been terminated for false reasons, it is very common and normal for such individuals to be asked for the

11.

reason that their prior employment ended.  Faced with this question from potential employers, the terminated employee has little choice but to provide the (false) reason stated by their prior employer even if they state their belief that it is a false reason at the same time.  As the *Live Oak* court recognized compelled self-publication typically arises where "a plaintiff is compelled to republish the statements in aid of disproving them." *Id.* at 1285.

Indeed, one of the **prime examples** provided by the *Live Oak* court of a compelled self publications is where " the employee must explain the statement to subsequent employers, who will surely learn of it if they investigate his or her past employment."  *Id.* at 1285.  The *Live Oak Publ'g Co.* Case therefore does not provide any basis for negating the self-publication allegation and in fact shows that the allegation is well founded in law.

Based on the foregoing it is clear that Plaintiffs have adequately pled facts supporting a cause of action for defamation.  Because, this cause of action is properly pled against all Defendants, including Christy Flanary, the motion must be denied and the matter remanded to state court.

## III.   Plaintiffs Have Alleged That They Were Retaliated Against Because They Refused to Engage in an Illegal Activity

As described above, due to the fact that a claim *can be stated* against the non-diverse Defendant Flanary, this case should be remanded to the superior court without the court reaching the issue of Plaintiffs' other claims, including the claim for Violation of Cal. Labor Code §1102.5.

Plaintiffs' 1102.5 claim is based on 1102.5(c) which states:

An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

Contrary to the assertions made in Defendants' motion, Plaintiffs clearly alleged that they refused to engage in illegal conduct.

Paragraphs 13-14 of the SAC state:

13.   Plaintiffs work in an environment with many needles and sharp objects, which results in an increased risk of the transmission of blood-borne pathogens or other diseases.

14.   On or about September 9, 2014, Plaintiffs and patients of Defendants were exposed to an unsafe work environment with exposed human feces spread throughout the work area. Plaintiffs reasonably believed that the circumstances created a situation that could cause disease transmission and/or a hazardous condition that required immediate correction to prevent injury, illness, or death to Plaintiffs, their coworkers, Defendants' patients, and the public at large from future disease transmissions.

These allegations clearly establish that Plaintiffs reasonably believed that their work environment was unsafe and contained hazards to themselves, their coworkers and the public at large.

Furthermore, par. 70 of the SAC states:

70.   The workplace presented hazards from exposure to exposed human feces spread throughout the work area, which created unsanitary and/or unsafe hazards and risk of vomiting pursuant to the California Labor Code and California Code of Regulations, including, but not necessarily limited to the laws mentioned above and California Code of Regulations, Title 8 §§3362, 5193.

These allegations establish that the unsafe work environment *was a violation of the law* and/or that Plaintiffs reasonably believed that working under such conditions would be a violation of the law.

At the hearing on the demurrer in state court, the judge specified that the reason for sustaining the demurrer, <u>with leave to amend</u>, on this cause of action was due *solely* to the fact that First Amended Complaint, did not specify the statutes on which the specific §1102.5 claim is based. Plaintiffs therefore amended the complaint to specify that the working conditions under which Plaintiffs refused to work "violate the legal requirements mandating a safe working environment pursuant to Lab. C. §§6310, 6311, and 6400 et. seq." SAC, par. 55.

13.

Further, paragraphs 16 - 19 state:

16. On or about September 9, 2014, Plaintiffs moved patients from a work environment they felt was unsafe and/or unsanitary due to exposed human feces spread throughout the work area, including the risk of vomiting from the smell.

17. On or about September 9, 2014, Plaintiffs opposed Defendants' and Flannery's requests to continue seeing patients in a work environment they felt was unsafe and/or unsanitary.

18. Despite Plaintiffs' complaints, oppositions, and refusals to work in the unsafe and/or unsanitary work conditions as described above, Defendants and Flannery insisted that Plaintiffs continue working in the worksite which had exposed human feces.

19. On or about September 19, 2014, Plaintiffs were terminated in retaliation for opposing and/or complaining about a work environment that Plaintiffs felt was unsafe and/or unsanitary for themselves and for patients being seen at that facility.

These paragraphs establish that the Plaintiffs complained about the unsafe environment, opposed working in an unsafe environment and refused to work in an unsafe environment. Their actions in redirecting patients to another location in spite of the demand that they continue to see patients at their location constituted a refusal to engage in an illegal activity and opposition to such illegal actions.

As such, the motion to dismiss as to to Plaintiffs' Cal. Labor Code §1102.5 cause of action must be denied.If, however, the court is inclined to retain jurisdiction in this case and grant the motion with regard to these claims, Plaintiffs must be allowed to amend the complaint.

## IV. Plaintiffs Have Adequately Pled Their Wage and Hour Claims

As described above, due to the fact that a claim *can be stated* against the non-diverse Defendant Flanary, this case should be remanded to the superior court without the court reaching the issue of Plaintiffs' pleading regarding the wage and hour claims in this case (Failure to Pay Overtime Compensation and Failure to Provide Meal Breaks and Rest Breaks).

In addition, Defendants' argument with respect to the wage and hour claims is essentially that the complaint fails because the Plaintiffs fail to state with

14.

specificity how many hours of overtime are claimed, how many meal breaks were missed, how many rest breaks were missed, etc. Defendants' argument in this regard rests entirely on recent federal appellate authority which was interpreting not *California wage and hour law*, but rather *federal law under the FLSA. Lander v. Quality Commcc'ns, Inc.* (9th Cir. 2014) 771 F.3d 638; amended opinion at 2015 LEXIS 1290. It is therefore *not* binding authority in this case which rests solely on the Cal. Labor Code. In addressing these based on California law, the superior court, which has proper jurisdiction over this case, has already decided that the complaint is properly pled with regard to these claims. Thus, this matter has already been litigated and should not be re-addressed at this stage.

In addition, the court in *Lander* specifically declined to require wage and hour plaintiffs to provide an estimate of the number of hours of overtime owed or breaks missed. *Id.* in amended opinion at *21. Rather, if the court applies these standards to this case all that must be alleged is that Plaintiff worked overtime without being paid overtime compensation on at least one specific occasion. Similar standards would apply to the meal and rest break claims as well. These are issues that, if required in this case, can easily be cured by amending the complaint and Plaintiffs must be allowed do so in that case.

Furthermore, the only authority Defendants cite for the applicability of the allegedly stricter FLSA pleading standards to state wage and hour claims is an unpublished district court case that actually stands for the opposite of the proposition they put forward in this case. *Acho v. Cort,* 2009 WL 3562472. The court in that case actually held that since "[a]n employer is obligated to maintain employment records[, i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." The court therefore held that it was enough for the plaintiff in that case to allege "the time period during which he worked for

defendant."   Based on these points, the motion to dismiss in that case was *denied*.
It was in this context that the *Acho* court held that the pleading requriements under
California law were identical to those for FLSA standards.   In other words, the
*Acho* court held that the standards were *equally lenient* not *equally strict*.   *Acho*
therefore does not provide a basis to extend the stricter requirements set forth by
*Lander* to state wage and hour claims under the Cal. Labor Code.

Furthermore, Defendants also ignore other authority that clearly establishes
that a prevailing plaintiff need not prove with specificity the exact hours worked
or amounts owed even at trial.   *Hernandez v. Mendoza* (1988), 199 Cal. App. 3d
721, 726-727.   The *Hernandez* court rejected the idea that judgment in favor of the
plaintiff int hat case should have been reversed because the exact amount of
overtime had not been proven.   Rather, the court held that all that needed to be
proven to support a judgment was that "he has in fact performed work for which
he was improperly compensated" and sufficient evidence to support an amount
damages by "just and reasonable inference."   *Id.*   Once a Plaintiff has done that the
burden shifts to Defendant to produce evidence attacking "the reasonableness of
the inference" provided by the Plaintiff.   *Id.*   If the employer fails to do so, "the
court may then award damages to the employee, even though the result be only
approximate."   *Id.*

Based on the foregoing, it is clear that a Plaintiff need not prove the exact
amount of hours claimed in a wage and hour case.   And it follows, therefore, that
such precision cannot be required at the pleadings stage because the it would make
no sense to require more specificity in the pleadings than is required to support a
judgment.

Furthermore, there is none of the cases cited by Defendants supports their
assertion that the Plaintiff must plead facts in their complaint regarding the issue
of whether the employer "suffered and permitted" the overtime work.   The case

they cite is a case decided on *summary judgment* not at the pleadings stage. *Forrester v. Roth's I.G.A* (9th Cir. 1981) 646 F. 2d. 413.  In that case, it was decided based on evidence presented that the employer had no knowledge of the overtime work and that plaintiff had actually concealed his overtime work from his employer by deliberately omitting it from his timecards.  *Id.* at 414-15. Nothing stated in that case is relevant to requirements at the pleading stage.

Based on the foregoing, the motion to dismiss with regard to Failure to Pay Overtime Compensation and Failure to Provide Meal Breaks and Rest Breaks claims should be denied.  If, however, the court is inclined to retain jurisdiction in this case and grant the motion with regard to these claims, Plaintiffs must be allowed to amend the complaint.

## V. Failure to Maintain Records, Waiting Time and Unfair Competition Claims Derive From the Above Wage and Hour Claims

As Defendants concede, the Failure to Maintain Records, Cal. Labor Code §2699 (PAGA), and Unfair Competition causes of action, as well as the claim for waiting time penalties are based on the same allegations as the other wage and hour claims in this case.  (*See,* Demurrer P&As at pps. 6-7.)  Accordingly, based on the same arguments set forth above, the court should deny the motion with regard to these claims.  If, however, the court is inclined to retain jurisdiction in this case and grant the motion with regard to these claims, Plaintiffs must be allowed to amend the complaint.

## VI. Plaintiffs Have Adequately Pled Exhaustion of Administrative Remedies Under PAGA

As described above, due to the fact that a claim *can be stated* against the non-diverse Defendant Flanary, this case should be remanded to the superior court without the court reaching the issue of Plaintiffs' other claims, including the claim

17.

under Cal. Labor Code §2699 (PAGA).

In addition, as Defendants recognize, the PAGA claim is derivative of the other labor code violations set forth in the complaint.  Therefore, since adequate facts have been alleged to support these claims, as described above, there are also adequate facts pled to support the PAGA cause of action.

Defendants also argue that Plaintiffs have pled that they exhausted their administrative remedies because they did not describe the letter sent to the LWDA.  However, paragraphs 109 through 123 *specifically list* all of the Cal. Labor Code sections on which the PAGA claim is based and paragraph 127 of the SAC clearly states that the letter that was sent to the LWDA set forth all of these claims:

> Plaintiffs have exhausted their administrative remedies under Cal. Labor Code §2699, *et seq.,* by each mailing a certified letter **setting forth these claims** to the LWDA and to Defendant on December 2, 2014. (Emphasis added)

Thus, the SAC specifically describes the content of the letter and date on which it was sent to the LWDA and to Defendant.  The SAC further states that the LWDA did not respond to the letter as of January 5, 2015, the statutory deadline.

To the extent that Defendants wish to argue that the Plaintiff's PAGA letter in any way failed to meet the requirements of the specificity, they are free to do so in a motion for summary judgment.  There is no need for further facts to be pled and since the letter was already sent to Defendants as required by law, they have all the facts they need.

## VII.   The PAGA Claim is Not a Representative Action

Defendants spill much ink arguing that representative actions under PAGA cannot be maintained in federal court without meeting the criteria for class actions under the Federal Rules of Civil Procedure.  However, the PAGA claim in this

18.

case is NOT A REPRESENTATIVE ACTION and nothing in the complaint alleges otherwise.  Plaintiffs are entitled to seek relief under PAGA for the specific violations alleged in the complaint committed against them as stated in the complaint.  *See,* Cal. Labor §§2699, 2699.3.  Plaintiffs do not seek to recover penalties or damages on behalf of anyone other than themselves and are not attempting to bring any kind of representative action.

## VIII.  Plaintiff Has Pled Sufficient Facts to Support the Claim for Punitive Damages

As described above, due to the fact that a claim *can be stated* against the non-diverse Defendant Flanary, this case should be remanded to the superior court without the court reaching the issue of Plaintiffs' other claims, including the claim for punitive damages.

In addition, as described below, Plaintiffs have alleged sufficient facts to support their claim for punitive damages.

### A.    The Retaliation/Whistleblower Causes of Action Support a Claim for Punitive Damages

The complaint clearly sets forth allegations that Defendants intentionally retaliated against the Plaintiffs and terminated them in violation of their statutory rights to complain about unsafe working conditions and to work in a safe environment under the Cal. Labor Code §§98.6, 1102.5, 6310 and 6311.  Furthermore, the retaliation was a tortious violation of their common law rights to express complaints about violation of the law in the workplace.  As set forth in greater detail above, these claims have been adequately pled by the Plaintiffs in their SAC which clearly sets forth facts alleging that Plaintiffs complained about the presence of exposed human feces in their workplace, refused to work under

19.

such conditions, and were terminated in retaliation for their complaint and refusal to work under such conditions.  See, pars. 46-47, 13-19, 62-63, 69-70, 76-83 of the SAC.

These allegations, in addition the express allegations of malice at paragraphs 22, 50, 59, 65, 74 and 86, also support a claim of "malice." The statute that authorizes punitive damages in California defines "malice" as intentional conduct in violation of the Plaintiff's "rights" that was "carried out by the defendant with a willful and conscious disregard of the rights" of the Plaintiff. Cal. Civil Code §3294; *Major v. Western Home Ins. Co.* (2009) 169 Cal.App.4th 1197, 1225.   In this case, Plaintiffs had clearly defined statutory and common law rights that were intended to protect them from retaliation due to their complaints. Paragraphs 51, 59, 66, 74 and 86 of the SAC all specifically state that the Defendants "knowingly and intentionally" violated Plaintiffs' legal rights by illegally terminating them.  These paragraphs also state that they knew or should have known that the terminations would cause the Plaintiffs "significant harm."  T

On the basis of these alleged facts and the statutory definition of the term "malice," if Plaintiffs can prove their claims by clear and convincing evidence, the jury can make a finding of "malice."

Based on the foregoing, there are clearly sufficient factual allegations in the complaint to support a finding of "malice" for purposes of punitive damages.  If h

**B.**   **The Defamation Cause of Action Supports a Claim for Punitive Damages**

As described above, Plaintiffs have alleged sufficient facts to support a finding of "malice" with regard to the claim for defamation as well.   This is supported by the allegations that the defamatory statements were made in the knowledge that they were false and that they were stated in order further an illegal

20.

termination.  *Agarwal v. Johnson* (1979) 25 Cal.2d 932, 944-945*; Kelly v. General Telephone Co.* (1982)136 Cal. App. 3d 278, 285; *Washer v. Bank of America* (1943) 21 Cal.2d 822, 831 (pleading that defendants published statement with knowledge of falsity adequately pleads malice to defeat privilege); *Farr v. Bramblett* (1955) 132 Cal.App.2d 36, 46.

These allegations also support the a finding of malice for purposes of punitive damages.  Given the allegations that Defendants knowingly terminated the Plaintiffs in retaliation for their safety complaints and refusal to work under unsafe conditions and the allegations that they disseminated a false reason for the termination, i.e., that the Plaintiffs were "unprofessional," it is clear that these allegations would support a finding of malice pursuant to Cal. Civil Code §3294 on the basis of the defamation claim as well.

## C.    Plaintiffs Have Pled Ratification and Actions By Managing Agents

Defendants also claim that the SAC lacks sufficient specificity with regard to corporate ratification and/or allegations that actions were taken by managing agents.  However, at numerous points in the FAC, Plaintiffs allege that the wrongful actions taken by managing agents of the corporation and/or were ratified by them.  Paragraphs 51, 59, 66, 74 and 86  specifically allege that Defendant Christi Flanary was a managing agent of Defendants who took malicious action against the Plaintiffs.  In addition, it is alleged that Defendant Flanary acted with "her superiors."  Plaintiffs do not now know who these superiors were, but as Defendant Lab. Corp. is a large organization, it understood that Defendant Flanary would not likely have acted without the knowledge and approval of her superiors.  Moreover, in these same paragraphs, Plaintiff also alleged that Defendant's human resources department approved and ratified the actions against them.

Furthermore, at this stage Plaintiffs not yet been able to conduct discovery as the Defendants filed their Notice of Removal before responding to any discovery propounded by Plaintiffs.  As employees, Plaintiffs were not typically privy to internal discussions and decisionmaking processes of the Plaintiffs. Plaintiffs do not yet know the content of the behind-the-scenes conversations during which Defendants discussed their malicious acts.  Where the operative facts are more readily available to the defendants less particularity of pleading is required of the plaintiff.  Doheny Park Terrace Homeowners, Inc. v. Truck Ins. Exchange, 132 Cal. App. 4th 1076, 1099.

Accordingly, there are sufficient facts to support the request for punitive damages and the motion should be denied.


## IX.    If The Court is Inclined to Grant the Motion, Plaintiffs Must Be Allowed to Amend the Complaint

The courts have clearly stated where it is possible for a plaintiff to amend her complaint to state a claim, leave to amend *must* be granted.   "Where a more carefully drafted complaint *might* state a claim, a plaintiff must be given *at least one more* chance to amend the complaint," before dismissing the claim. *Bank v. Pitt* (11th Cir. 1991) 928 F 2d 1108, 1112 (emphasis added); *see,* FRCP 15(a). Defendants' motion is based primarily on an alleged lack of specificity in the facts pled and this is *the first motion to dismiss filed in the district court* pursuant to the Federal Rules of Civil Procedure. As such, this is the first time that any of the issues of this motion have been raised under federal pleading standards. Furthermore, the complaint was filed in good faith pursuant to state law pleading standards and to the extent that the court retains jurisdiction over this case, Plaintiffs must be allowed an opportunity to amend the complaint, if necessary.

As such, if the court is inclined to retain jurisdiction and find that the operative SAC defective in any way, leave must be granted to amend the

22.

complaint.

## X.   Conclusion

As set forth above, this motion and the a Notice of Removal that brought this case before the court are simply improper attempts on the part of Defendants to bring this case into federal court despite the fatal lack of diversity between Plaintiffs and Defendants.  As demonstrated above, the allegations against Defendant Flanary are not mere "shams" and Defendants cannot " demonstrate that there is **no possibility** that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Insurance Company of America* (N.D.Cal.1998) 5 F.Supp.2d 804, 807 (emphasis added).

Accordingly, Plaintiffs respectfully request that in denying this motion the court also issue an order remanding the case to state court.

Finally, Defendants' requests for dismissal of the claims above "with prejudice" are simply without basis in law and in violation the liberal policies on pleading and amendments set forth the FRCP and applicable caselaw. FRCP 15(a); *Bank v. Pitt* (11th Cir. 1991) 928 F 2d 1108, 1112.  Indeed, it has been held that an order granting a motion under Rule 12(b)(6) for failure to plead essential facts *cannot*, on its own, warrant a dismissal with prejudice. *Belizan v. Hershon* (DC Cir. 2006) 434 F3d 579, 583.  As such, if the court is inclined to retain jurisdiction over this case and grant any portion of Defendants' motion, Plaintiff respectfully requests leave to amend.

DATED: June 1, 2015                           EISENBERG & ASSOCIATES

                                        By:_____/s/_____
                                              Joseph S. Socher
                                              Attorneys for Plaintiff

23.

## **Declaration of Joseph S. Socher**

I, Joseph S. Socher, declare:

1.    I have personal and firsthand knowledge of the facts set forth in this declaration, and I could and would testify competently to such facts if called as a witness.  I am an attorney licensed to practice in the State of California and before this court and am counsel for Plaintiff herein.

2.    Defense counsel sent a letter to Plaintiffs' counsel on May 6, 2015 about alleged deficiencies in the Second Amended Complaint. A true and correct copy of this letter is attached as Exhibit "A."

3.    The letter made **no mention** of a potential removal or federal motion to dismiss.

4.     Plaintiffs' counsel responded to the substance of the letter and offered to discuss the matter further on Monday, May 11, 2015.   True and correct copies of this correspondence is attached as Exhibit "B."

5.    Defendants did not contact Plaintiff on May 11, 2015 and at no time before filing this motion did they state that they intended to a file a Motion to Dismiss under FRCP 12(b)(6).

6.    The foregoing is true and correct under penalty of perjury under the laws of the state of California and the United States.

Dated: June 1, 2015

_____/s/_____

Joseph S. Socher

24.

Exhibit "A"



Adil M. Khan
Tel 310.586.3882
Fax 310.586.0582
khanad@gtlaw.com

May 6, 2015

**Via Electronic Mail and U.S. Mail**

Michael Eisenberg
EISENBERG & ASSOCIATES
3580 Wilshire Blvd, Suite 1260
Los Angeles, California 90010
mbe@laborlitigators.com

Re:   *Munoz and Lopez v. Laboratory Corporation of America et al.*:  Meet and Confer
Regarding Plaintiffs' Second Amended Complaint

Dear Counsel,

We have reviewed Plaintiffs' Second Amended Complaint and seek to meet and confer with you regarding Defendants' anticipated pleading challenge.  We will seek dismissal for the same reasons discussed in our prior challenge to the First Amended Complaint.  In short, Plaintiffs' changes are deficient.  To summarize, the Second Amended Complaint suffers from the following defects:

**Count 1:  Failure to Pay Overtime Compensation**

- Plaintiffs still offer only conclusions and quotations from the relevant statutes. That is insufficient to state a claim.

- Plaintiffs still fail to plead any specific facts alleging the amount of damages or the injury they have sustained.  Indeed, Plaintiffs still cannot point to any particular day or week on which they were denied overtime payment to which they were entitled.

- Plaintiffs still fail to allege that LabCorp "suffered and permitted" any overtime work.

**Count 2:  Failure to Provide Meal and Rest Breaks**

- Plaintiffs still offer only conclusions and quotations from the relevant statutes and Wage Orders.  That is insufficient to state a claim.

- Plaintiffs still fail to allege that any manager knew that they had not taken a particular meal or rest break, or that a manager instructed Plaintiffs to falsely verify that an untaken break had been taken.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL**
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WEST PALM BEACH
WHITE PLAINS

*OPERATES AS
 GREENBERG TRAURIG MAHER L

+OPERATES AS
 GREENBERG TRAURIG, S.C.

**STRATEGIC ALLIANCE

~OPERATES AS
 GREENBERG TRAURIG LLP
 FOREIGN LEGAL CONSULTANT OFFICE

^A BRANCH OF
 GREENBERG TRAURIG, P.A.,
 FLORIDA, USA

+OPERATES AS
 GREENBERG TRAURIG GAIKSKW SP

Exhibit A

Michael Eisenberg
May 6, 2015
Page 2

### Count 3:  Failure to Maintain Records

- This derivative claim fails for the same reasons discussed above.

- In addition, Plaintiffs still fail to allege that the alleged misconduct was "knowing and intentional."

### Count 5:  Retaliation for Reasonable Complaint of Health and Safety Violations

- Plaintiffs still fail to allege that LabCorp retaliated against them "for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Specifically, Plaintiffs provide no allegations explaining why the continued performance of their work would constitute illegal conduct.

### Count 6:  Retaliation and Discharge for Reasonable Complaint of Health and Safety Violation

- Plaintiffs still do not allege that they engaged in a "protected activity" within the meaning of Section 6310.

- Plaintiffs still fail to allege any facts establishing a causal link between the complaint they purportedly made and LabCorp's decision to terminate their employment.

### Count 7:  Unlawful Discharge for Refusal of Hazardous Work

- Plaintiffs still have not alleged the existence of a hazardous work environment with any factual support or detail.

- Plaintiffs still fail to allege any facts, let alone with particularity, establishing a causal link between their "refusal to perform work" in the allegedly unsafe environment and their termination.  Rather, Plaintiffs allege only the conclusion that they were "discharged or discriminated against for refusing to perform work when there was a real or apparent hazard."

### Count 4:  Retaliation for Exercising Right Afforded to the Employee

- This derivative claim fails for the reasons discussed above.

### Count 8:  Wrongful Termination

- Plaintiffs still have not alleged that Defendant's decision to terminate them violated a provision of the constitution or some statute or regulation affecting the public.

Exhibit A

Michael Eisenberg
May 6, 2015
Page 3

- Plaintiffs still have not alleged a nexus between the alleged protected activity and any alleged adverse action.

## Count 9: Violation of California's Unfair Competition Law

- This derivative claim fails for the reasons discussed above.

## Count 11: PAGA

- This derivative claim fails for the reasons discussed above.

- In addition, Plaintiffs still fail to allege that they exhausted their administrative remedy before commencing this action. Specifically, Plaintiffs have not provided sufficient allegations that they provided sufficient written notice by certified mail to the LWDA of the facts and theories that support their claims, and that the LWDA did not thereafter take on the matter for the State.

## Count 10: Defamation and Slander *Per Se*

- Plaintiffs still fail to plead this claim with particularity, and their use of cookie-cutter buzzwords does not suffice to allege malice with sufficient facts.

- Each of the alleged defamatory statements that can be gleaned from the Second Amended Complaint is an un-actionable statement of opinion.

- Ms. Flanary's alleged conduct is immune from liability based upon the "manager's privilege."

- The alleged statements by any and all "Defendants" are immune from liability under the "interested" person's privilege codified in Civil Code Section 47(c).

- Any actions taken by Ms. Flanary were for the benefit of her employer, LabCorp, and not for her own personal benefit.

- Plaintiffs' allegations of "self-publication" still fail because the Second Amended Complaint does not provide any facts suggesting that each Plaintiff "was under a compulsion to publish the [defamatory statement] which was so strong that it could not reasonably have refused."

We invite you to discuss these matters with us. Please let us know if you are available for a telephonic meet-and-confer conference tomorrow, May 7, 2015.

Sincerely,

Adil M. Khan

Exhibit A

Exhibit "B"



Joe Socher <joesocher@gmail.com>

---

## Fwd: Munoz and Lopez v Laboratory Corporation: Letter to Eisenberg re Meet and Confer re Second Amended Complaint.PDF

1 message

---

**Joseph S. Socher, Esq.** <jss@laborlitigators.com>                    Wed, May 6, 2015 at 5:22 PM
To: Adil Khan <khanad@gtlaw.com>
Cc: Michael Eisenberg <mbe@laborlitigators.com>

Adil -

On reviewing your letter it appears that most of the issues you raise were already rejected by the court on your first demurrer.  The court has already overruled the demurrer as to all of the causes of action except the claims for violation of Labor Code 1102.5 and Defamation.  As such, there is no purpose in raising these issues again and re-litigating them would be improper.

I am not available tomorrow to process these matters.  I will be available on Monday, May 11, 2015 in the afternoon.  Let me know if you want to discuss these matters further.

---

Joseph S. Socher
Eisenberg & Associates
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
(213) 201-9331 phone
(213) 382-4083 fax

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s).  If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---------- Forwarded message ----------
From: **Michael Eisenberg** <mbe@laborlitigators.com>
Date: Wed, May 6, 2015 at 5:02 PM
Subject: Fwd: Munoz and Lopez v Laboratory Corporation: Letter to Eisenberg re Meet and Confer re Second Amended Complaint.PDF
To: Joe Socher <jss@laborlitigators.com>

---------- Forwarded message ----------
From: <BeattyC@gtlaw.com>
Date: Wed, May 6, 2015 at 10:40 AM
Subject: Munoz and Lopez v Laboratory Corporation: Letter to Eisenberg re Meet and Confer re Second Amended Complaint.PDF
To: mbe@laborlitigators.com
Cc: kemplem@gtlaw.com, khanad@gtlaw.com

Exhibit B

**Cheryl D. Beatty**
Assistant to Adil M. Khan
Greenberg Traurig, LLP | 1840 Century Park East
Suite 1900 | Los Angeles, CA 90067-2121
Tel 310.586.7879 | Fax 310.586.1379 | Cell 310.266.9799

BeattyC@GTLAW.com | w w w .gtlaw .com

 GreenbergTraurig

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify
us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.

--
Michael B. Eisenberg
EISENBERG & ASSOCIATES
3580 Wilshire Blvd, Suite 1260
Los Angeles, California 90010
Telephone: (213) 201-9331
Facsimile:  (213) 382-4083
www.laborlitigators.com

**2015-05-06 - Letter to Eisenberg re Meet and Confer re Second Amended Complaint.PDF**
189K

Exhibit B