Michael B. Eisenberg, Esq. (State Bar No. 178308)
Joseph S. Socher, Esq. (State Bar No. 241344)
EISENBERG & ASSOCIATES
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
(213) 201-9331 - Telephone
(213) 382 4083 - Facsimile

Attorneys for Plaintiffs,
STEPHANIE MUNOZ AND
LORENA LOPEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MUNOZ AND LORENA LOPEZ | CASE NO. 5:15-CV-00902- GW(DTBx) *Hon. George H. Wu* |
| Plaintiffs, | PLAINTIFFS' MOTION FOR REMAND; DECLARATION OF JOSEPH S. SOCHER |
| vs. | |
| LABORATORY CORPORATION OFAMERICA, a corporation; CHRISTY FLANNARY; and DOES 1 through 100, inclusive, | Date:        July 6, 2015 Time:        8:30 a.m. Courtroom:   10 |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on July 6, 2015 at 8:30 a.m., plaintiff, or as soon thereafter as the matter can be heard, in Room 10 of this court, located at 312 North Spring Street, Los Angeles, CA 90012 Plaintiffs will move this court for an order remanding this case to the Superior Court for the State California, for the County of Riverside on the grounds that this court lacks subject matter jurisdiction over this case, due to a lack of complete diversity between the parties.

Plaintiffs also seek attorney's fees in the amount of $3,800 in connection with this motion.

THIS MOTION IS MADE FOLLOWING THE CONFERENCE of counsel pursuant to Local Rule 7-3, which took place on May 29, June 1, and June 3, 2015.


DATED: June 5, 2015                      EISENBERG & ASSOCIATES


                                By:_/s/*Joseph S. Socher*_____
                                     Joseph S. Socher
                                     Attorneys for Plaintiff

# TABLE OF CONTENTS

**Page**

I.    Introduction                                                                   1

    A.    Factual Background                                            1

    B.    Procedural History                                              2

II.   The Court Lacks Subject Matter Jurisdiction in This Case     3

    A.    Defendants Cannot Prove Fraudulent Joinder              4

III.  The Second Amended Complaint States a Claim for Defamation

    Against Defendants LabCorp and Flanary                       6

    A.    On Motion for Remand The Court Should Look to State

        Pleading Standards                                         6

    B.    Plaintiffs Have Stated a Claim Against Flanary for Defamation    7

    C.    The Court Should Not Consider "Privilege" Affirmative

        Defense in Addressing Issue of Jurisdiction               9

    D.    Plaintiffs Have Pled Malice Which Defeats the Privilege

        Asserted                                                  10

    E.    Plaintiff Has Pled Facts Supporting Publication           13

IV.   The Court Should Award Plaintiffs' Attorney's Fees Related to

    This Motion                                                      14

V.    Conclusion                                                             15

# TABLE OF AUTHORITIES

## Cases

| | **Page** |
|---|---|
| *Agarwal v. Johnson* 25 Cal. 3d 932 (1979) | 9, 11, 12 |
| *Bindrim v. Mitchell* 92 Cal. App. 61 (1979) | 9 |
| *Boyer v. Snap-On Tools Corp.* 913 F.2d 108 (3rd Cir. 1990) | 4 |
| *Burris v. AT & T Wireless, Inc.,* 2006 WL 2038040 (N.D.Cal. July 19, 2006) | 5 |
| *Cameron v. Wernick* 251 Cal.App.2d 890 (1967) | 8 |
| *Caterpillar Inc. v. Lewis* 519 U.S. 61 (1996) | 3 |
| *Chew v. Williams Lea, Inc.,* 2007 U.S. Dist. LEXIS 64800 (N.D. Cal. 2007) | 11, 15 |
| *Deaile v. General Telephone Co. of California* 40 Cal.App.3d 841 (1974) | 10 |
| *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546(2005) | 3 |
| *Farr v. Bramblett* 132 Cal.App.2d 36 (1955) | 10 |
| *Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992) | 3 |
| *Green v. Amerada Hess Corp.* 707 F.2d 201 (5th Cir. 1983) | 5 |
| *Hamilton Materials, Inc. v. Dow Chem. Corp.* 494 F.3d 1203 (9th Cir. 2007) | 3, 4 |
| *Hunter v. Philip Morris USA,* 582 F.3d 1039 (9th Cir. 2009) | 5, 6, 9 |
| *Jernigan v. Ashland Oil Co.* 989 F.2d 812 (5th Cir. 1993) | 4 |
| *Kelly v. General Telephone Co.* 136 Cal. App. 3d 278 (1982) | 9, 11, 12 |
| *Live Oak Publish'g Co. v. Cohagan* 234 Cal. App. 3d 1277 (1991) | 13, 14 |
| *Los Angeles Airways, Inc. v. Davis* (9th Cir. 1982) 687 F.2d 321 | 12 |
| *Ludgate Ins. Co. v. Lockheed Martin Corp.* 82 Cal. App. 4th 592 (2000) | 7 |
| *Lunquist v. Reusser* 7 Cal. 4th 1193, 1203 (1994.) | 10 |
| *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062 (9th Cir. Or. 2008) | 14 |
| *Macey v. Allstate Prop. & Cas. Ins. Co.* 220 F. Supp. 1116 (N.D. Cal. 2002) | 4 |
| *Martin v. Franklin Capital Corp.* 546 U.S. 132 (2005) | 14 |
| *McCabe v. General Foods* 811 F.2d 1336 (9th Cir.1987) | 5 |
| *McGarry v. Univ. of San Diego* 154 Cal. App. 4th 97 (2007) | 8 |
| *Mendoza v. Host Int'l, Inc.,* 2014 U.S. Dist. LEXIS 13282 (C.D. Cal. 2014) | 11, 15 |
| *Noel v. River Hills Wilsons, Inc.* 113 Cal. App. 4th 1363, 1370 (2003) | 10 |
| *Okun v. Sup. Ct.* 29 Cal. 3d 442, 458 (1981) | 8 |
| *Padilla v. AT & T Corp.,* 697 F.Supp.2d 1156 (C.D.Cal.2009) | 5, 6 |
| *Perkins v. Superior Court* 117 Cal.App.3d 1, 6 (1981) | 7 |
| *Sue Tsang v. Select Portfolio Servicing, Inc.,* 2012 U.S. Dist. LEXIS 189866, (C.D. Cal. Aug. 3, 2012) | 9 |
| *Umamoto v. Insphere Ins. Sol., Inc.* 2013 WL 2084475 (N.D. Cal. May 14, 2013) | 5, 15 |
| *Washer v. Bank of America* 21 Cal.2d 822 (1943) | 10 |

## California Statutes

**Page**

Cal. Civ. Code §§44                              7
Cal. Civ. Code §46(3)                            7
Cal. Civ. Code §47(c)                            10
Cal. Labor Code §1102.5                          3
Cal. Labor Code §2699, et seq.                   2
Code of Civ. Proc. § 425.10(a)(1)                6


**Federal Statutes**

28 U.S.C. § 1447(c)                              14
28 U.S.C. §1332                                  3


**Other Authority**

CACI Jury Instruction No. 1704                   7
CACI Jury Instruction No. 1723                   10

# I.    Introduction

## A.    Factual Background

Plaintiff Stephanie Munoz worked for Defendant Laboratory Corporation of America ("LabCorp") as a phlebotomist from November 2010 until September 19, 2014.  Plaintiff Lorena Lopez worked for LabCorp from June 2009 until September 19, 2014, also as a phlebotomist. During the course of their work for Defendant LabCorp, they were denied meal and rest on numerous occasions and LabCorp failed to pay them for overtime hours that they worked.

During the time that Plaintiffs were working at Defendants, there was a **strict** policy in effect that the blood drawing should take no more than *5 minutes* per patient.  If this quota was not met, phlebotomists, including Plaintiffs, would be disciplined.  The reason for this is clear; defendant's revenue comes from insurance billing and they understandably want to capitalize on every working moment and ensure maximum billing per working hour.

On September 9, 2014, a sick patient came into the facility and started defecating on the carpeting, leaving behind a ***trail of human feces.***  The poor lady was even stepping on it and squished it into the carpet as she walked through it.

This horrible scene and overpowering and nauseating odor caused one of the Plaintiffs to uncontrollably start vomiting.  Being that there was no cleaning crew present, and due to the  obvious health hazard of conducting medical procedures in such an unsanitary environment, the Plaintiffs refused to draw blood under these dangerous conditions and began redirecting patients to defendant's other nearby facilities (within a block of the now-contaminated lab) to have their blood drawn.

*///*

Motion for Remand

1   The Plaintiffs reported and complained about the unsanitary lab and

2   unavailability of a cleaning crew to their off-site supervisor Christi Flanary[1].

3   Flannary dismissed their concerns and **ordered** them to continue drawing blood at

4   the contaminated facility despite the obvious health hazard.  It was clear that

5   Flannary, following company policy, was more concerned with  the 5-minute rule

6   than patient and employee safety.

7   Less than 10 days later, the plaintiffs were both terminated due to their

8   complaints and their refusal to work under the illegally hazardous conditions in

9   the facility that day.  The pretext given at the time of the termination was that they

10  were "unprofessional" - a libelous and defamatory attack on their ability to

11  perform their jobs.  This lawsuit was filed soon thereafter.

12  ### B.   Procedural History

13  This case was filed in the Riverside County Superior Court on December 3,

14  2014.  Among the claims made in this lawsuit was a claim for defamation made

15  against Defendant LabCorp as well as Defendant Christi Flanary.  (*See,* Exhibit

16  "A" to Notice of Remand.) On January 8, 2015, before a response was filed to the

17  initial complaint, a First Amended Complaint was filed to include a claim for

18  penalties under the Private Attorney's General Act of the Cal. Labor Code

19  (PAGA), Cal. Labor Code §2699, *et seq.*  (Exhibit "B" to Notice of Remand.)

20  Defendants responded to the First Amended Complaint with a Demurrer to all

21  causes of action and a Motion to Strike the prayer for punitive damages.  (Exhibit

22  "D" to Notice of Remand, pps. 088-171.)When these matters came before the

23  superior court on April 15, 2015, the Demurrer was overruled as to all causes

24  action, with two exceptions: the claim for retaliation in violation of Cal. Labor

25

26  [1]Defendants have stated that this is the correct spelling of Defendant Flanary's name and

27  we therefore use that spelling herein.

28
        2.
        Motion for Remand

Code §1102.5 and the Defamation claim.  (Exhibit "D" to Notice of Remand, pps. 083-87.)  The superior court, however, <u>granted leave to amend </u>both of these claims.  (*Id.*) The motion to strike punitive damages was also granted, <u>with leave to amend</u>. (*Id.*) As such, pursuant to the court's order, Plaintiffs filed a Second Amended Complaint ("SAC") on May 4, 2014. (Exhibit "C" to Notice of Remand.)

Despite the fact that Plaintiffs have sued a California citizen, Christi Flanary, on their cause of action for defamation, Defendants have now removed this case alleging "sham joinder."  *See,* Defendants' Notice of Removal, paragraphs 14-26.  However, as described below, Defendants cannot carry their "heavy burden" of proving by "**clear and convincing evidence**" that Defendant Flanary is a "sham defendant" and therefore cannot carry their burden of establishing that this court has jurisdiction over this case. *Hamilton Materials, Inc. v. Dow Chem. Corp.* 494 F.3d 1203, 1206 (9th Cir. 2007.)

## II.    The Court Lacks Subject Matter Jurisdiction in This Case

As is well established, the party asserting the U.S. District Court's jurisdiction has the burden of proving that the proper jurisdiction exists. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992.)  There is a "strong presumption against removal" any doubts must be resolved against invoking federal jurisdiction.  *Id.* Defendants' removal asserts jurisdiction based on 28 USC §1332, i.e., diversity jurisdiction.  However, it is well established that in order for the district court to have subject matter jurisdiction based on diversity, there must be complete diversity between the parties.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546(2005); *Caterpillar Inc. v. Lewis* 519 U.S. 61, 68 (1996.)

The individual defendant Christi Flanary, lives and works in **California** and Defendants present **no** evidence that Defendant Flanary is not a citizen of

1   California.  Thus, since Defendant Flanary is a California citizen as are both

2   Plaintiffs, complete diversity is lacking in this case and the court therefore lacks

3   subject matter jurisdiction over this case.  Furthermore, as described below,

4   Defendants cannot carry their burden of proving that Flanary is a "sham

5   defendant."

6

7              **A.    Defendants Cannot Prove Fraudulent Joinder**

8          Despite the **obvious** lack of subject matter jurisdiction described above,

9   Defendants have attempted to remove this case on a "sham defendant" theory

10  alleging that the individual, non-diverse defendant (Christi Flanary) is a "sham

11  defendant."  (*See,* Notice of Removal, pps. 4-9, pars. 14-26.) However, as

12  described below, since the superior court has already granted leave to amend the

13  claim asserted against Defendant Flanary, there has been a finding that a claim *can

14  be asserted* against her and she has not been dismissed from the case.  (*See,* Notice

15  of Ruling, Exhibit D 083 to Notice of Removal; Minute Order, Exhibit D 087 to

16  Notice of Removal.)  The mere "non-fanciful possibility" that a claim can be

17  stated against a non-diverse defendant is enough to mandate remand.  *Macey v.

18  Allstate Prop. & Cas. Ins. Co.* 220 F. Supp. 1116, 1117 (N.D. Cal. 2002.)

19         Removal to Federal court is *disfavored* and in cases such as these, the

20  removing defendant has the heavy burden of alleging and proving the nondiverse

21  party's joinder is a "sham" or "fraudulent."  *Jernigan v. Ashland Oil Co.* 989 F.2d

22  812, 815-816 (5th Cir. 1993.) The removing party has a "heavy burden of

23  persuasion" and must prove fraudulent joinder by "**clear and convincing

24  evidence**."  *Hamilton Materials, Inc. v. Dow Chem. Corp.* 494 F.3d 1203, 1206

25  (9th Cir. 2007); *Boyer v. Snap-On Tools Corp.* 913 F.2d 108, 111 (3rd Cir. 1990.)

26         In other words, "[t]he removing party must prove that there is **absolutely no

27  possibility** that the plaintiff will be able to establish a cause of action against the

28

1    instate defendant in state court…" *Green v. Amerada Hess Corp.* 707 F.2d 201,

2    205 (5th Cir. 1983)  (emphasis added.)  The Ninth Circuit has required the

3    removing party to show that the plaintiff's failure to state a cause of action is

4    obvious according to the settled rules of the state.  *McCabe v. General Foods* 811

5    F.2d 1336, 1339 (9th Cir.1987.)

6        The above requirements have been interpreted to mean that the defendant

7    must demonstrate *by clear and convincing evidence* that under California law, the

8    plaintiff *would not be afforded leave to amend* any claim made against the non-

9    diverse defendant.  *Umamoto v. Insphere Ins. Sol., Inc.* 2013 WL 2084475, *4;

10   *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009.)  Accordingly,

11   a number of courts have cited the mere possibility that the plaintiff would be

12   granted leave to amend to state claims against non-diverse individuals as a basis

13   for remand even if the claims as currently pled might be defective. *Umamoto v.*

14   *Insphere Ins. Solutions*, *id.*; *Burris v. AT & T Wireless, Inc*., 2006 WL 2038040, at

15   *2 (N.D.Cal. July 19, 2006); *Padilla v. AT & T Corp.*, *id.*

16       In this case, however, the state superior court has already addressed the

17   question of whether a claim can be stated against the individual, non-diverse

18   defendant and that court *granted leave to amend* complaintwith regard to the

19   defamation claim.  Thus, it has already been found by a competent state court that

20   *a claim can be stated* against the non-diverse individual defendant and there is

21   therefore no fraudulent joinder.

22        This point is strengthened by the fact that, as described below, the

23   standards of pleading under California law are extremely liberal in comparison to

24   the standards set by recent caselaw following *Twombly* and *Ashcroft*.  As

25   described below, since the question before the court is whether a claim could be

26   stated against the individual Defendant *in state court* this court should look to

27   those standards in making a determination on the Motion for Remand. *Hunter v.*

28

*Philip Morris USA,* 582 F.3d 1039, 1045 (9th Cir. 2009) (applying Alaska pleading standards on issue of alleged "fraudulent joinder.")

Based on the foregoing, since a court of competent jurisdiction has already found that it is possible for the Plaintiffs to state a claim against Christi Flanary, it is clear that the case must be remanded to the superior court.

## III.    The Second Amended Complaint States a Claim for Defamation Against Defendants LabCorp and Flanary

As set forth below, since Plaintiffs state a valid claim for Defamation against Defendant Flanary, the case must be remanded to the superior court.

### A.    On Motion for Remand The Court Should Look to State Pleading Standards

As described above, the question before the court on a motion for remand is whether there is a "non-fanciful" possibility that a claim could be stated in state court against the non-diverse defendant.   Furthermore, a case must be remanded even if a state court would afford leave to amend the claims against the nondiverse defendant.  *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009). It follows, therefore, that when addressing whether a claim could be stated against the non-diverse defendant, the rules of California pleading should be applied. *See, Hunter v. Philip Morris USA,* 582 F.3d 1039, 1045 (9th Cir. 2009) (applying Alaska pleading standards on issue of alleged "fraudulent joinder.")

The rules of pleading in California are well-known.   A complaint must contain "a statement of the facts constituting the cause of action, in ordinary and concise language."  Code of Civ. Proc. § 425.10(a)(1).  The essential elements to be pleaded to state a cause of action are determined by the substantive law.  The "facts" to be pleaded are those upon which liability depends, commonly referred to

as "ultimate facts."  In contrast to recent federal caselaw, California courts have cast doubt on the difference between "ultimate facts" and "conclusions of law." The courts have stated  "The distinction is not at all clear and involves at most a matter of degree... What is important is that the complaint as a whole contain sufficient facts to apprise the defendant of the basis upon which the plaintiff is seeking relief ..." *Perkins v. Superior Court* 117 Cal.App.3d 1, 6 (1981.)  There is no need to require greater specificity in the pleadings "because modern discovery procedures necessarily affect the amount of detail that should be required in a pleading." *Ludgate Ins. Co. v. Lockheed Martin Corp.* 82 Cal. App. 4th 592, 608 (2000.)

Plaintiffs contend that even under the applicable federal rules of pleading a valid claim has been stated against Defendant Flanary.  However, this point is only made stronger by the fact that these claims should actually be examined by the liberal state court pleading standards set forth above.

### B.    Plaintiffs Have Stated a Claim Against Flanary for Defamation

In order to establish liability for defamation, Plaintiffs must show that the Defendants made unprivileged false and damaging statements about the Plaintiff to persons other than the Plaintiff.  *See*, CACI Jury Instruction No. 1704; Cal. Civ. Code §§44 - 46.

As described above, Defendants Flanary and LabCorp terminated Plaintiffs for allegedly acting "unprofessionally" and made statements to that effect.  Par. 95.  It is further alleged that such statements were made to third parties with no need to hear or know such information.  Pars. 95, 97 and 98.  It is well established that "almost any language which, upon its face, has a natural tendency to injure a person's reputation, either generally, or with respect to his occupation" is defamation per se under Cal. Civ. Code §46(3) and therefore damages are

Motion for Remand

1  presumed.  *Cameron v. Wernick* 251 Cal.App.2d 890, 893 (1967.)  Furthermore,

2  "[a] person may be liable for what he insinuates as well as for what he says

3  explicitly." *Id.*

4      Furthermore, there is no basis for Defendants' claim in their Motion to

5  Dismiss that the SAC alleges only statements of opinion.  The statement by one's

6  employer that one has acted "unprofessionally" in his or her job, is clearly the type

7  of statement that is intended to be taken as a factual one, and not one of opinion.

8  By contrast, the primary case on which Defendants rely, *McGarry v. Univ. of San*

9  *Diego* (2007) involved a statement to the effect that the plaintiff had engaged in

10  "immoral behavior."  154 Cal. App. 4th 97, 116-17.  However, as even the

11  *McGarry* court recognized, "the question is not strictly whether the published

12  statement is fact or opinion, but is instead "whether a reasonable fact finder could

13  conclude the published statement declares or implies a provably false assertion of

14  fact." *Id.* at 113 (citations omitted.)  In this case, the statements do not involve any

15  such highly subjective issues as the definition of "immorality" but rather simply

16  whether the Plaintiff performed their work competently for Defendants.

17  Moreover, given the fact that the statement was made by their supervisor and

18  employers, a reasonable person would certainly conclude that the statements

19  "*imply a knowledge of facts* which lead to the [defamatory] conclusion." *Id.*

20  (emphasis added; citations omitted.)

21      Defendants further complain that Plaintiffs have not specified the exact

22  words used by them in defaming them.  However, Defendants would obviously

23  have superior knowledge of their exact words and "less particularity is required

24  when it appears that defendants has superior knowledge of the facts." *Okun v.*

25  *Sup. Ct.* 29 Cal. 3d 442, 458 (1981.)  In such circumstances all that is required is

26  that the "pleading gives notice of the issues sufficient to enable preparation of a

27  defense." *Id.*   Furthermore, with regard to claims for slander all that is required is

28

1  that the "substance of the defamatory statement" be pled.  *Id.*

2       Finally, it is also well established that even if the statements were published

3  to those within the company, that such "internal publication" also constitutes

4  publication for purposes of defamation.  *Bindrim v. Mitchell* 92 Cal. App. 61, 79

5  (1979); *Agarwal v. Johnson* 25 Cal. 3d 932, 944 (1979); *Kelly v. General*

6  *Telephone Co.* 136 Cal. App. 3d 278, 284 (1982.)

7       Accordingly, the above alleged facts are sufficient to support a claim of

8  defamation.  Thus, contrary to the assertions of Defendants, Plaintiff clearly *did*

9  plead what the defamatory statements were (i.e., statements that Plaintiffs were

10  unprofessional and unable to perform their jobs), identified the persons making

11  such statements and pled facts showing that the statements were defamatory per se

12  in that they had a tendency to injure the Plaintiff's professional reputation. This

13  meets the pleading requirements for the cause of action.

14

15  **C.    The Court Should Not Consider "Privilege" Affirmative Defense**

16       **in Addressing Issue of Jurisdiction**

17       Defendants base much of their argument that Plaintiffs' cannot state a claim

18  against Defendant Flanary on the assertion that any statements made by her were

19  "privileged."  *See,* Notice of Removal, paragraphs 19-25.  However, privilege is an

20  affirmative defense to the merits of the claim.  In determining a the issue of an

21  alleged "fraudulent joinder," however, it has been held that the Court should not

22  take into account defenses going to the merits of the claim.  *Hunter v. Philip*

23  *Morris USA* 582 F.3d 1039, 1044; *Sue Tsang v. Select Portfolio Servicing, Inc.*,

24  2012 U.S. Dist. LEXIS 189866, *23 (C.D. Cal. Aug. 3, 2012) (citing *Hunter* to the

25  effect that when a defense "requires an inquiry into the merits of the plaintiff's

26  claim the defendant has failed to overcome the strong presumption against

27  removal jurisdiction;" ellipses omitted.)

28

As such, although Defendants may be able to assert an affirmative defense based on an alleged privilege to rebut the claims made by Plaintiffs against Flanary, the court should not take such a defense into account in determining the issue of jurisdiction.

Furthermore, as described below, Plaintiffs have alleged sufficient facts supporting a finding malice that would defeat the alleged privilege.

### D.      Plaintiffs Have Pled Malice Which Defeats the Privilege Asserted

Further, although the issue of privilege is an affirmative defense that should not be considered in determining a motion for remand, Plaintiffs' allegations herein clearly establish that there would be no applicable privilege protecting such statements.  The only applicable privileges here is the "managerial privilege" and/or the privilege of disclosure to "interested persons."  However, like any assertion of privilege, this is an affirmative defense and the burden of proving it will rest with Defendants.  *See*, CACI 1723; *Lunquist v. Reusser* 7 Cal. 4th 1193, 1203 (1994.)  Furthermore, any such privilege would be conditional and therefore defeated by Plaintiffs' showing that the statement were made with malice.  *See*, Cal. Civ. Code §47(c); *Deaile v. General Telephone Co. of California* 40 Cal.App.3d 841, 847 (1974.) Malice is proven where the plaintiff shows that the statement was made with "hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication." *Lundquist, id.*, at 1213; *Noel v. River Hills Wilsons, Inc.* 113 Cal. App. 4th 1363, 1370 (2003)  (emphasis added; internal cites omitted); *Washer v. Bank of America* 21 Cal.2d 822, 831 (1943) (pleading that defendants published statement with knowledge of falsity adequately pleads malice to defeat privilege); *Farr v. Bramblett* (1955) 132 Cal.App.2d 36, 46. As described below, Plaintiffs have alleged facts supporting malice on both of the prongs set forth above.

In the employment context, *Kelly v. General Telephone Co.* (1982) held that malice was adequately pled where it was alleged that the statements were made out of hatred and in will in retaliation for the plaintiff's union activity.  136 Cal. App. 3d 278, 285.   Similarly, in *Agarwal v. Johnson* (1979), 25 Cal.2d 932, the California supreme court upheld a verdict where evidence supported conclusion that "that the statements of lack of job knowledge and lack of cooperation were maliciously motivated for the purpose of terminating" plaintiff.  *Id. at* 944-45. *See also, Chew v. Williams Lea, Inc.*, 2007 U.S. Dist. LEXIS 64800, *7 (N.D. Cal. 2007) ("implied allegation of retaliation because of plaintiff's disability leave further suggests malice"); *Mendoza v. Host Int'l, Inc.*, 2014 U.S. Dist. LEXIS 13282, *8 (C.D. Cal. 2014) ("implicit allegation that [defendants] were acting in retaliation for his workplace injuries and subsequent disability suggests he potentially has facts to support his malice allegation.")

This is analogous to the above cases in that malice in this case would be proven if Plaintiff shows that the statements were made in the knowledge that they were false and/or that they were made in order to justify an illegal termination The Plaintiffs have pled facts that, if proved would establish malice and defeat any claimed privilege. Plaintiffs have pled the following facts supporting malice with regard to the statements made against them:

1.   "these statements in retaliation for Plaintiffs exercising their rights under the Cal. Labor Code and California law as described herein, and Defendants knew that such statements were false." Par. 95.

2.   "the statements may have started at the time prior to their terminations by creating false claims regarding plaintiffs for the improper purpose of giving the appearance that Plaintiffs' wrongful and illegal terminations were justified." Par. 97.

3.    "None of Defendants' defamatory statements and/or publications

11.

Motion for Remand

1  against Plaintiffs referenced above are true and Defendants' knew of

2  their falsity at the time they were made." Par. 102.

3       4.    "Each of the false defamatory per se publications set forth above were

4  negligently, recklessly, and intentionally published in a manner

5  equaling malice and abuse of any alleged conditional privilege (which

6  Plaintiffs deny existed), since the publications, and each of them,

7  were made with hatred, ill will, and an intent to vex, harass, annoy,

8  and injure Plaintiffs in order to justify the illegal and cruel actions of

9  Defendants in retaliating against them in violation of California law,

10  and each of them, to cause further damage to Plaintiffs's professional

11  and personal reputations, to cause them to be fired, to justify their

12  firing, and to retaliate against Plaintiffs for prior ill will, rivalry, and

13  disputes in retaliation for Plaintiffs' conduct as set forth above." Par.

14  104.

15  Thus, similarly to the plaintiff in *Kelly*, Plaintiffs have alleged that the statements

16  were made out of ill will and in retaliation for their exercise of their legal rights.

17  Plaintiffs have also alleged that the Defendants knew that the statements false at

18  the time they were made, which independently establishes the first prong of the

19  test for malice set forth above.

20       Furthermore, it cannot be reasonably argued, that statements made to

21  provide a false pretext for an illegal termination further the policy goal of the

22  managerial privilege asserted by defendants.  The privilege is to encourage

23  "uninhibited advice by agents to their principals." *Los Angeles Airways, Inc. v.*

24  *Davis* (9th Cir. 1982) 687 F.2d 321, 328.  Obviously, however, society has no

25  interest in knowingly false statements made solely to justify and bring about

26  illegal terminations in violation of the public policies of the state. *See, Agarwal v.*

27  *Johnson* (1979) 25 Cal.2d 932, 944-945.

28

Plaintiffs have therefore clearly alleged sufficient facts to establish malice such that the qualified privileges would be defeated under California law.  To the extent that more facts are necessary in this regard, the complaint can be amended to include additional facts as well, which would likely be allowed under California law.

### E.      Plaintiff Has Pled Facts Supporting Publication

Defendants also claim that Plaintiffs have failed to allege publication and that any publication that is alleged is "privileged."  However, as described above, there have been sufficient facts pled to support malice such that any privilege would be negated.

Finally, Defendants' reliance on *Live Oak Publ'g Co.* to negate Plaintiffs' allegation of self-publication is misplaced.  That case was described the court as a "man bites dog case" because it involved *a newspaper suing an individual for a story that it published itself.   Live Oak Publish'g Co. v. Cohagan* 234 Cal. App. 3d 1277, 1281-82 (1991.)  Obviously under those very unusual circumstances it would be very difficult for the newspaper to prove that it had been *compelled* to publish an allegedly libelous statement by an individual.

However, in the case of an employee who has been terminated for false reasons, it is very common and normal for such individuals to be asked for the reason that their prior employment ended.  Faced with this question from potential employers, the terminated employee has little choice but to provide the (false) reason stated by their prior employer even if they state their belief that it is a false reason at the same time.  As the *Live Oak* court recognized compelled self-publication typically arises where "a plaintiff is compelled to republish the statements in aid of disproving them." *Id.* at 1285.

///

13.

Indeed, one of the **prime examples** provided by the *Live Oak* court of a compelled self publications is where " the employee must explain the statement to subsequent employers, who will surely learn of it if they investigate his or her past employment." *Id.* at 1285.  The *Live Oak Publ'g Co.* Case therefore does not provide any basis for negating the self-publication allegation and in fact shows that the allegation is well founded in law.

Based on the foregoing it is clear that Plaintiffs have adequately pled facts supporting a cause of action for defamation.  Because, this cause of action is properly pled against all Defendants, including Christi Flanary, matter remanded to state court.

## IV.   The Court Should Award Plaintiffs' Attorney's Fees Related to This Motion

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).   Such fees should be awarded where the removal was not "objectively reasonable." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141 (2005).  In making a determination that the removal was not objectively reasonable, the court need *not* find that the removing party's position was "frivolous, unreasonable or without foundation." *Id.* Prior cases have held that where there was a change in applicable law, or a prior lack of clarity as to the applicable law, a party can be said to have had an "objectively reasonable," even if ultimately unsuccessful, basis for removal. *Martin, id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. Or. 2008.)

However, the issues in this case do not turn on such unsettled or unclear questions of law.  As demonstrated above, it is well settled that Plaintiffs can state claims for defamation against individual supervisors in cases similar to this one.

Moreover, the district courts have frequently ordered remand in such cases. *See, Chew v. Williams Lea, Inc.*, 2007 U.S. Dist. LEXIS 64800, *7 (N.D. Cal. 2007) ; *Mendoza v. Host Int'l, Inc.*, 2014 U.S. Dist. LEXIS 13282, *8 (C.D. Cal. 2014); *Umamoto v. Insphere Insurance Solutions, Inc.*, 2013 WL 2084475, at *4-5 (N.D. Cal. May 14, 2013.)

As such, Defendants should be ordered to pay for the reasonable attorney's fees expended in bringing this motion for remand.  Plaintiffs' counsel will have expended approximately 9.5 hours in preparing this motion, including the anticipated reply papers and attending the hearing.  Plaintiffs' counsel Joseph S. Socher's ordinary hourly rate is $400 per hour.  Plaintiffs therefore request an order granting $3,800 in attorney's fees for the time and expense of bringing this motion.

**V.   Conclusion**

Based on the foregoing, Plaintiffs respectfully request that the court issue an order remanding the case to the Riverside County Superior Court and awarding Plaintiffs $3,800 in attorney's fees for the cost of bringing this motion.


DATED: June 5, 2015                    EISENBERG & ASSOCIATES


By:_/s/*Joseph S. Socher*_____
                    Joseph S. Socher
                    Attorneys for Plaintiff

15.

Motion for Remand

### Declaration of Joseph S. Socher

I, Joseph S. Socher, declare:

1. I have personal and firsthand knowledge of the facts set forth in this declaration, and I could and would testify competently to such facts if called as a witness. I am an attorney licensed to practice in the State of California and before this court and am counsel for Plaintiff herein.

2. Six (6) hours were expended in drafting the initial moving papers. Moreover, I expect to spend two (2) hours preparing a reply, and another one and a half (1.5) hours traveling to and from the oral argument and attending same. As such, this motion is requiring nine and one-half (9.5) hours of time, exclusive of time spent meeting & conferring. My normal hourly rate is $400.00, which, multiplied by 9.5 hours, yields $3,800 in time spent bringing this motion.

3. Plaintiffs' counsel met and conferred with Defense counsel regarding this motion pursuant to Local Rule 7.3 on May 29, 2015, June 1, 2015 and June 3, 2015, but was unable to resolve the issues without resort to motion.

4. The foregoing is true and correct under penalty of perjury under the laws of the state of California and the United States.

Dated: June 5, 2015

_____/s/_____

Joseph S. Socher

16.

Motion for Remand