*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-902-GW(DTBx) | | Date | July 23, 2015 |
|---|---|---|---|---|
| Title | *Stephanie Munoz, et al. v. Laboratory Corporation of America, et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING MOTION TO REMAND AND VACATING HEARING

      On December 3, 2014, Stephanie Munoz and Lorena Lopez (collectively "Plaintiffs") filed a Complaint against Laboratory Corporation of America and Christy Flannary ("Flanary"[1]) in Riverside County Superior Court. Plaintiffs pled only one claim against Flanary, a claim for defamation and slander *per se*. Plaintiffs filed a First Amended Complaint on January 8, 2015, and then, after the Superior Court sustained – in part – demurrers *with leave to amend*, *see* Notice of Removal, Exh. D (Docket No. 1-4), at pg. 11 of 99, a Second Amended Complaint ("SAC") was filed on April 29, 2015. The SAC again alleges only the same single claim against Flanary. *See* SAC ¶ 94-108. The claim centers on the allegation that Flanary made statements including, but not limited to, "express and implied[] accusations that Plaintiffs were unprofessional, and thus unable to perform the duties of their positions." SAC ¶ 95; *see also id.* ¶ 99 (indicating that the statements had "the meaning and/or substance that Plaintiffs...were unprofessional and incompetent; that they deserved to be terminated; and that they deserved to no longer hold employment"). Plaintiffs alleged that the statements were made "in retaliation for Plaintiffs exercising their rights under the Cal. Labor Code and California law...and [Flanary] knew that such statements were false," *id.* ¶ 95, and that she made them with malice, *see, e.g., id.* ¶ 104. *See also id.* ¶ 14-20 (explaining that Plaintiffs – who worked as phlebotomists – were fired 10 days after they attempted to move patients away from a work environment that had "exposed human feces spread throughout the work area," but were forced to continue working in the contaminated worksite).

---

[1] The Court uses the spelling the Notice of Removal indicates is the correct spelling of the individual defendant's name. *See* Notice of Removal (Docket No. 1), at 1 n.2.

       :

Initials of Preparer    JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-902-GW(DTBx) | Date | July 23, 2015 |
|---|---|---|---|
| Title | *Stephanie Munoz, et al. v. Laboratory Corporation of America, et al.* | | |

  On May 7, 2015, the defendants removed the case to this Court, arguing that Flanary – whose citizenship they do not address in their removal papers, but whom the SAC alleges is a resident of California, *see id.* ¶ 3 – was fraudulently joined and, in the absence of her consideration, federal subject matter jurisdiction existed by way of complete diversity (and the requisite amount in controversy). See 28 U.S.C. § 1332.

  On May 14, 2015, the defendants moved to dismiss the SAC. On May 20, 2015, the case was transferred to this Court from the docket of District Court Judge Virginia Phillips. *See* Docket No. 13. On June 5, Plaintiffs moved to remand the case to Riverside County Superior Court. Both motions were originally continued to July 6, 2015, and then again to July 27, 2015. *See* Docket Nos. 20, 23. Pursuant to Local Rule 7-15, the Court now vacates the July 27 hearing date. *See* C.D. Cal. L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

  The Court grants Plaintiffs' motion to remand and will remand the matter to Riverside County Superior Court. As Plaintiffs' express in their Reply brief, the defendants' attempt to argue fraudulent joinder here amounts to an attempt to argue either that Plaintiffs will not prevail against Flanary or that Plaintiffs have not sufficiently alleged a claim against Flanary. That is not the standard for assessing fraudulent joinder in the removal context. As defendants themselves recognize, *see* Docket No. 21, at 4:27-5:2, 6:2-5, it must be effectively impossible for Plaintiffs to state their "defamation and slander *per se*" claim against Flanary, and the defendants must meet that standard by "clear and convincing evidence." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (allowing defendants to "present the facts showing the joinder to be fraudulent" because "a defendant must have the opportunity to show that the individuals joined in the action *cannot be liable on any theory*") (emphasis added); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").[2] Even where *presently* deficiently pled, where Plaintiffs may amend that claim to cure any

---

[2]In their opposition brief, defendants state that "a fraudulent joinder claim may *only* 'be resolved by piercing the pleadings' based upon 'summary judgment-type evidence such as affidavits and deposition testimony,'" and argue that, consequently, "Plaintiffs' failure to even attempt to provide any evidence...is fatal." Docket No. 21, at 3:14-17 (quoting "*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (emph. added; citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995))") (underline in defendants' brief; italics added). Defendants' use of the term "only" is wholly unsupported by *Morris*, or even the quotation from *Cavallini* that *Morris* provides in a parenthetical citation. The *Morris* decision referenced an affidavit that the plaintiff had provided along with her motion to remand, in which she

:

Initials of Preparer JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-902-GW(DTBx) | Date | July 23, 2015 |
|---|---|---|---|
| Title | *Stephanie Munoz, et al. v. Laboratory Corporation of America, et al.* | | |

arguable defects, it may not be said that it is impossible for them to state a claim against her. Had it been *impossible* for Plaintiffs to state a claim against Flanary, the Court agrees with Plaintiffs – it is highly unlikely the state court would have already allowed them to *amend* their claim against her.

      Each of the privileges defendants identify as – in their view, at this pre-discovery stage of this case – applying to Flanary's conduct allows for exceptions or ways to avoid those privileges, even according to the defendants' own characterizations of them. *See* Docket No. 21, at 6:19-23, 9:4-17; *see also SDV/ACCI, Inc. v. AT & T Corp.*, 522 F.3d 955, 962 (9th Cir. 2008) ("Section 47(c) specifies that the privilege does not protect statements made with malice. In addition, California courts have held that 'ordinarily the privilege is lost if defendant has no reasonable grounds for believing his statements to be true.'") (quoting *Inst. of Athletic Motivation v. Univ. of Ill.*, 114 Cal.App.3d 1, 12 (1980)). In other words, it is not impossible for Plaintiffs to state a claim – or "obvious" that they may not do so "according to the settled rules of the state" – because of the potential application of those privileges. Moreover, if – as defendants recognize Plaintiffs at least attempt to allege, *see* Docket No. 21, at 13:6-9 – Plaintiffs self-published the alleged defamatory statement(s), it is not even clear that the privileges the defendants identify would apply. Finally, the Court is not prepared to conclude, on a motion to remand, that there is absolutely no prospect that statements about Plaintiffs being "unprofessional" could never constitute a false statement of fact sufficient to give rise to a valid defamation/slander claim.[3] *See McGarry v. Univ. of San Diego*, 154 Cal.App.4th 97, 116-17 (2007) (indicating that the necessary defamation analysis is whether "the complained-of statement was...reasonably susceptible of being interpreted to imply a provably false assertion of fact"); *see also In re Sicroff*, 401 F.3d 1101, 1105 (9th Cir. 2005); *Bonestell v. Shaw*, 28 Cal.App. 226, 229 (1915). In short, the "summary inquiry" permitted to determine, in a "summary manner," whether Flanary's liability is possible, is not sufficient to the task in this case. *See Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) ("In *Hunter v. Philip Morris USA*, 582 F.3d 1039[] (9th Cir. 2009),...we held that '...a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant' and reasoned that 'the inability to make the requisite decision in a summary manner itself

---

made a damning admission. The Ninth Circuit then wrote the following: "In light of Mrs. Morris's own admission, it is abundantly obvious that she could not possibly prevail on her negligent misrepresentation claim against Consultants. *See Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." (citations omitted))." *Morris*, 236 F.3d at 1068.

    [3]Indeed, given that the matter is only at the pleading stage, the exact content and specific words of any statements made are not yet entirely clear. It is far too premature to be able to rule *now* that any statements would necessarily be non-actionable opinions. This is not a summary judgment proceeding; it is a motion to remand.

|  | : |
|---|---|
| Initials of Preparer | JG |

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-902-GW(DTBx) | Date | July 23, 2015 |
|---|---|---|---|
| Title | *Stephanie Munoz, et al. v. Laboratory Corporation of America, et al.* | | |

points to an inability of the removing party to carry its burden.'") (quoting *Hunter*, 582 F.3d at 1044 and *Smallwood v. Ill. C. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)).

Any failure of Plaintiffs to state a claim against Flanary here is not "obvious" within the Ninth Circuit's application of that concept in its leading fraudulent joinder cases. *See Hamilton Materials*, 494 F.3d at 1206 (concluding that fraudulent joinder was present where "it is simply not possible that [plaintiff] was not on inquiry notice of its claim," meaning misrepresentation-based claims were time-barred); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (concluding that failure to state a claim for negligent misrepresentation was obvious according to settled Texas law because alleged misrepresentation was "puffing" and plaintiffs could not have reasonably relied on statement); *Ritchey*, 139 F.3d at 1319-20 (concluding that fraudulent joinder was present where action was barred by statute of limitations); *McCabe*, 811 F.2d at 1337, 1339 (concluding fraudulent joinder was present in case where plaintiff alleged superiors at job had *wrongfully discharged* plaintiff, with ruling based in part on evidence that superiors "had acted in the interests of their employer and not to benefit themselves," meaning that their actions "had been in their managerial capacity" and not "on their own initiative," and where negligence-based claim lacked allegation of duty and intentional infliction of emotional distress claim failed to state requisite outrageousness). *McCabe* perhaps comes closest to this case, but as Plaintiffs point out, that case was not a defamation/slander case.[4] To rule that an employee's superior

---

[4]Defendants' opposition places a great deal of emphasis on this case's supposed similarity with *McCabe*, *see* Docket No. 21, at 6:24-7:2, 10:12-11:9, which, as explained above, does not deal with defamation liability at all. In addition, the opposition brief cites an unpublished Ninth Circuit decision, *Valencia v. Sharp Electronics Corp.*, 561 Fed. App'x 591, 594 (9th Cir. 2014), as support for the assertion that "Plaintiffs have no possibility of establishing any claim against Ms. Flanary based on the allegations contained in their three attempts to plead a defamation claim." Docket No. 21, at 6:3-10. The following is the parenthetical defendants use to explain *Valencia*'s purported relation to this case: "(finding fraudulent joinder because '[t]he [California] Supreme Court has made clear that liability...extends only to the employer, and not to individual employees.' Thus, even if the complaint contained specific allegations regarding [employee's] role, she could not be sued individually.")." *Valencia*, not surprisingly, did not include a defamation claim, but instead involved allegations – along with a claim against the employer for wrongful termination based upon physical disability – that the individual defendant had committed fraud by false promise by inducing the plaintiff to accept employment with the employer under the false belief that he would not be discriminated against if he became disabled. *See Valencia*, 561 Fed. App'x at 592. The exact sentence in the unpublished *Valencia* memorandum decision that defendants quoted in part – note the use of an ellipses in their parenthetical quotation from the case – is as follows: "In addition, '[t]he [California] Supreme Court has made clear that liability for discrimination extends only to the employer, and not to individual employees.'" *Id.* at 594 (quoting *Leek v. Cooper*, 194 Cal.App.4th 399, 409 (2011)). Again, defense counsel appears to be misreading the cases, either intentionally or from a remarkable lack of care. *Beyond even that*, defendants' Footnote 2 in their Opposition, *see* Docket No. 21, at 7:22-28, cites three decisions purporting to support application of a "manager's privilege" to conclude that Plaintiffs cannot state a defamation/slander claim against Flanary, but Defendants have – again – entirely misrepresented the holding of the only one of the three cases that actually involved a defamation claim. In that case, *Sheppard v. Freeman*, 67 Cal.App.4th 339, 349

:

Initials of Preparer    JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-902-GW(DTBx) | Date | July 23, 2015 |
|---|---|---|---|
| Title | *Stephanie Munoz, et al. v. Laboratory Corporation of America, et al.* | | |

simply *cannot* be liable for defamation against that employee would be to stake out a position on California law that no California court has adopted.

     The Court will grant Plaintiffs' motion to remand (and vacate defendants' pending motion to dismiss). The Court will deny Plaintiffs' request for $3,800 in attorneys' fees, *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."), because any sanctionable conduct arises from Defendants' opposition to the motion to remand rather than from the removal itself.

     The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Deputy Clerk _____

---

(1998), the California Court of Appeal *reversed* defense-favorable rulings on the plaintiff's libel claim even though it affirmed defense-favorable rulings on other claims for the reasons defendants' quoted-language explains. *See id.* at 342, 348-49.

|  | : |  |
|---|---|---|
| Initials of Preparer | JG | |